# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN DERRICK HILL, #Y22733, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv−00160−JPG |
| SAINT CLAIR COUNTY ILLINOIS JAIL, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Justin Hill filed this action pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement at St. Clair County Jail. (Doc. 1, p. 6). He seeks money damages. (Doc. 1, p. 7). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was detained at St. Clair County Jail ("Jail") on two separate occasions in 2016[1] and 2017.[2] (Doc. 1, p. 6). Both times, he was housed in the Jail's gymnasium and required to sleep on the floor in a plastic boat. Plaintiff was exposed to pests, including cockroaches and centipedes. Inmates were required to

---

[1] Plaintiff was initially housed at the Jail from August 17, 2016 until September 3, 2016.
[2] He was also housed at the Jail from April 9, 2017 until June 28, 2017.

share a single sink and toilet. The gymnasium had no air conditioning, showers, or water fountain. There was no access to the commissary or kiosk machine. Grievance forms were not available for filing internal complaints, so Plaintiff simply had to endure these conditions.[3] (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendant(s) subjected Plaintiff to unconstitutional conditions of confinement from August 17, 2016 until September 3, 2016.
>
> **Count 2:** Defendant(s) subjected Plaintiff to unconstitutional conditions of confinement from April 9, 2017 until June 28, 2017.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

The applicable legal standard for Plaintiff's claims depends on his status as a pretrial detainee or prisoner during his detention at the Jail. The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Cruel and Unusual Punishment Clause of the Eighth Amendment governs claims brought by prisoners. *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). The Complaint does not survive screening under either standard.

This is because Plaintiff did not name a suable entity as a defendant. He named the "Saint Clair County Illinois Jail." (Doc. 1, p. 1). The Jail is not a person who is subject to suit under Section 1983. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this

---

[3] Plaintiff does not describe any actual harm he suffered as a result of these conditions.
[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

capacity, federal courts look to state law:

> The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. ILL. CONST.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. . . . Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST., art. VII, § 1.

*See Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009). *See also Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019); *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). The Jail has no capacity to be sued under Section 1983 and shall be dismissed with prejudice from this action.

Section 1983 liability instead hinges on personal participation or involvement in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). It creates a cause of action based on personal liability and predicated upon fault. *Id*. The doctrine of *respondeat superior* is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). A defendant cannot be held liable for a constitutional deprivation caused by an employee or subordinate, simply because of his or her supervisory position. Plaintiff is instead required to name those individuals who were actually involved in or responsible for the constitutional deprivations (*e.g.*, officers, jail administrator, etc.). He should also describe what each individual did, or did not do, to violate his rights.

It is unclear whether Plaintiff intended to name St. Clair County as a defendant apart from the Jail. Regardless, no claim survives preliminary review against the County. A governmental entity may be subject to liability for the unconstitutional acts of its employees, if those acts are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But the execution of the government's policy or custom must have inflicted the injury.

3

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff neither alleges nor suggests that a policy or custom traceable to the County caused the violation of his constitutional rights. Any claims against St. Clair County (as opposed to the Jail) shall be dismissed without prejudice.

### Pending Motion

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be addressed in a separate court order.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (**COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **SAINT CLAIR COUNTY JAIL** is **DISMISSED** with prejudice and **SAINT CLAIR COUNTY** is **DISMISSED** without prejudice because the Complaint fails to state any claim for relief against these defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 19, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00160-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the

original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 2/19/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**