# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JUSTIN DERRICK HILL, #Y22733, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 19−cv–00160−JPG |
| RICHARD WATSON, SERGEANT COLLINS, SERGEANT SCOTT, and PHILLIP McLAURIN, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Justin Hill's Amended Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 6). Plaintiff complains of unconstitutional conditions of confinement at St. Clair County Jail ("Jail") in 2016 and 2017. (*Id*. at pp. 7-8). He seeks money damages and an order closing the Jail.[1] (*Id*. at p. 9).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

---

[1] The Court construes this as a request for injunctive relief at the close of the case.

1

Plaintiff makes the following allegations in the Amended Complaint (Doc. 6, pp. 6-8): During his detention at the Jail for three weeks in 2016[2] and for two weeks in 2017,[3] Plaintiff was housed in the gymnasium without air conditioning, showers, laundry or a water fountain. More than twenty inmates were required to share a single toilet and sink. Plaintiff was also required to sleep on the floor in a plastic boat or bug-infested mat. He was exposed to cockroaches, centipedes, mice, and spiders, as well as black mold on the brick walls.

Plaintiff requested medical treatment for hives and a rash that formed all over his body following exposure to these conditions. The nurse would not allow him to see a doctor and misdiagnosed him with an allergic reaction to narcotics. She gave Plaintiff Benadryl and antibiotic ointment. Both were ineffective. When Plaintiff ran out of the medicine three days later, the nurse refused to prescribe more. The rash did not resolve until Plaintiff left the Jail.

Plaintiff asked to move from the gymnasium on a daily basis in 2016, but Sergeant Collins, Sergeant Scott, and Officer Brown said there was nothing they could do. He received the same response from officers and sergeants in 2017. Plaintiff blames the "acting sheriff" for failing to address the conditions. He could not file grievances to address his concerns because he had no access to the commissary or kiosk machine where inmates usually filed complaints. Plaintiff still suffers from headaches, insomnia, and post-traumatic stress because of his experience.

## **Discussion**

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Defendant(s) subjected Plaintiff to unconstitutional conditions of

---

[2] Plaintiff was housed in the gymnasium during his entire 2016 detention at the Jail from August 17 until September 3, 2016. (Doc. 6, p. 7).
[3] He was also housed in the gymnasium during the first two weeks of his 2017 detention from April 9 until April 23, 2017. (Doc. 6, p. 8).

> confinement in the Jail's gymnasium from August 17 until September 3, 2016.

**Count 2:** Defendant(s) subjected Plaintiff to unconstitutional conditions of confinement in the Jail's gymnasium from April 9 until April 23, 2017.

**Count 3:** Defendant(s) denied Plaintiff adequate medical treatment for hives and a rash he developed during his detention at the Jail.

**Count 4:** Defendant(s) denied Plaintiff access to a grievance process necessary to complain about the conditions of his confinement at the Jail in 2016 and 2017.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

Plaintiff has not indicated whether he was a pretrial detainee or convicted person during his detention at the Jail in 2016 and 2017. The applicable legal standard for his claims depends on his legal status. The Fourteenth Amendment Due Process Clause governs claims of pretrial detainees, and the Eighth Amendment Cruel and Unusual Punishment Clause governs claims of prisoners. *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). The Fourteenth Amendment prohibits all forms of punishment of pretrial detainees, and the Eighth Amendment prohibits cruel and unusual punishment of convicted persons. *Reed v. Bowen*, -- F. App'x --, 2019 WL 1873026, at *2 (7th Cir. April 26, 2019) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015)). For purposes of this screening order, the Court finds that the conditions are sufficiently serious to support Plaintiff's claims under both. But this is not the end of the Court's analysis.

The allegations must also suggest that each defendant was involved in the deprivation of Plaintiff's constitutional rights. Section 1983 liability hinges on personal involvement in a

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649 (7th Cir. 2017). A supervisory official cannot be held liable for the misconduct of his or her subordinates because the doctrine of *respondeat superior* does not apply in this context. *Elder v. Dart*, 660 F. App'x 484 (7th Cir. 2016); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Each official must actually participate in the constitutional wrongdoing for liability to attach. *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996) (citation omitted).

**Count 1**

In connection with Count 1, the allegations suggest that Defendants Collins and Scott were personally involved in perpetuating Plaintiff's exposure to unconstitutional conditions of confinement at the Jail in 2016. When Plaintiff asked them to move him from the gym, they explained that there was "nothing" that they could do. Count 1 cannot be dismissed against them.

However, Plaintiff did not mention Defendants McLaurin or Watson in connection with Count 1. Although the Court can infer the personal involvement of senior jail officials where a plaintiff describes a "potentially systemic" condition (as described here), Plaintiff does not identify McLaurin or Watson as the senior jail officials in charge of the Jail at the time his claims arose. *Id*. at 1428-29. He vaguely refers to an "acting sheriff." (Doc. 6, pp. 7-8). It is not clear whether either of these defendants—or someone else—served in this capacity in 2016 and/or 2017. Count 1 shall therefore be dismissed without prejudice against Defendants McLaurin and Watson.

**Count 2**

Further, Plaintiff omits reference to all of the defendants in connection with Count 2. He instead vaguely refers to "C/O's" and "Srgt.'s." (Doc. 6, p. 8). The Seventh Circuit has long held that a plaintiff cannot state a claim against a defendant by including the defendant's name in the

caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must provide a basic overview of their misconduct in the statement of his claim. Count 2 shall be dismissed without prejudice.

**Count 3**

In connection with Count 3, Plaintiff focuses on the wrongful conduct of a nurse who misdiagnosed him with an allergic reaction and prescribed him an ineffective course of Benadryl and antibiotic ointment. The nurse is not a defendant in this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). The only defendant mentioned in connection with Count 3 is Defendant Collins, who stood in the vicinity of the nurse and could see Plaintiff's rash when the nurse misdiagnosed him. These allegations do not suggest that Defendant Collins was aware of any misdiagnosis or failed treatment. And no other defendants are mentioned in connection with this claim. Count 3 shall therefore be dismissed without prejudice for failure to state a claim for relief.

**Count 4**

The allegations support no claim in Count 4 based on Plaintiff's lack of access to a grievance process. The Constitution requires no process at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Count 4 shall be dismissed with prejudice for failure to state a claim for relief.

**Pending Motion**

Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **DENIED without prejudice**.

A district court faced with a request for counsel must ask, first, whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and, if so, whether the plaintiff appears competent to represent himself given the difficulty of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*). Plaintiff discloses some efforts to locate counsel on his own by attaching two letter he sent to counsel. However, he did not provide a copy of a single response or describe it in the motion. Further, Plaintiff appears competent to represent himself in this matter. A single claim for unconstitutional conditions of confinement survives preliminary review, and the Court is aware of no impediments that preclude Plaintiff from completing the normal tasks associated with litigation.

## Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 6) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will receive further review against Defendants **COLLINS** and **SCOTT**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **WATSON** and **McLAURIN**; **COUNTS 2** and **3** are **DISMISSED** without prejudice against all Defendants; and **COUNT 4** is **DISMISSED** with prejudice against all Defendants, all for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SERGEANT COLLINS** and **SERGEANT SCOTT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 6), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the

Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* motion is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED**.

**DATED: 5/22/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**